UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT IRWIN STEWARD,

       Petitioner,                      CASE NO. 2:20-cv-13194

v.                                     PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

WILLIAM BARR,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE MANDAMUS PETITION, CLOSING THIS CASE, AND DENYING PERMISSION TO APPEAL THIS DECISION *IN FORMA PAUPERIS*

Petitioner Dwight Irwin Steward, a state prisoner housed at a prison in St. Louis, Michigan, recently filed a *pro se* petition for the writ of mandamus in which he asks to have his state criminal convictions overturned. (ECF No. 1.) Because there are other adequate means to attain the relief Petitioner desires, and because he has not shown that his right to mandamus relief is clear and indisputable, the Court will deny the petition.

### I. Background

Petitioner commenced this case on November 5, 2020, by filing a "Petition for Writ of Mandamus and Application to Overturn [or] Set Aside all Sexual Felony

Convictions." (ECF No. 1, PgID 1.)[1] He addressed his document to the Chief Judge of this District, but it was randomly assigned to me pursuant to this District's Local Rules. *See* LR 83.11(a) (Random Method for Assignment of Cases to Judges).

Petitioner appears to be challenging convictions that he obtained in Wayne County Circuit Court. *See* ECF No. 1, PgID 2-4 (referring to Wayne County Circuit Court in the upper left-hand corner of the pages and mentioning Petitioner's detention in the Wayne County Jail). Petitioner alleges that an unidentified judge initially dismissed his criminal case, but he remained in jail and was re-tried months later by newly appointed Judge Bridgette M. Hathaway, who found him guilty of unspecified charges. (*Id.*) He claims that Judge Hathaway's verdict was based on his previous convictions for criminal sexual conduct (CSC) in the second degree. (*Id.*)[2]

---

[1] Due to the nature of the requested relief, the case was classified and docketed as a habeas corpus action. *See* ECF No. 1 and the docket for this case.

[2] The official website for the Michigan Department of Corrections indicates that, following a bench trial in Wayne County case number 18-004064-01-FC, Petitioner was found guilty of kidnapping and indecent exposure by a sexually delinquent person. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=180568. He was sentenced on October 2, 2019, to a minimum term of ten and one-half years in prison and a maximum term of twenty years for both crimes. *Id.*
   Petitioner also was found guilty of indecent exposure by a sexually delinquent person in Wayne County case number 18-008561-01-FH. *Id.* Like the previous Wayne County case, he had a bench trial and was sentenced on October 2, 2019, to a term of ten and one-half to twenty years in prison for the crime. *Id.*

Petitioner filed an additional document entitled "Formal Acknowledgement of Defendant's Self-representation." (ECF No. 2.) Petitioner addresses that document to former United States Attorney General William Barr. It states that Judge Hathaway was biased against Petitioner and that she found him guilty because of his prior criminal record involving second-degree CSC and his interracial marriage. Petitioner asserts that there was no substantial or material proof of his guilt. (ECF No. 2, PgID 10-11.) Finally, in a letter to this District's Chief Judge on December 23, 2020, Petitioner indicates that he is seeking mandamus relief because he wants to have all his sexual felony convictions overturned. (ECF No. 5, PgID 16.)

## II. Discussion

Under the All Writs Statute, 28 U.S.C. § 1651, "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). But the mandamus remedy "is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34

---

Petitioner's criminal history includes two inactive convictions for second-degree CSC. In Kalamazoo County case number 90-0777 FH, Petitioner was sentenced on October 15, 1990, to a term of ten to fifteen years in prison. *Id*. In Ingham County case number A 85-0047 FC, Petitioner was sentenced on August 5, 1985, to a term of three to fifteen years in prison. *Id*. Petitioner has been discharged from his sentences for both of those convictions. *Id*.

(1980). To ensure that the writ will issue only in extraordinary circumstances, a party seeking issuance of a mandamus petition must have no other adequate means to attain the desired relief, and he must show that his right to the writ is clear and indisputable. *Id.* at 35.

As explained above, Petitioner wants the Chief Judge of this District to overturn his state convictions. He has no clear and indisputable right to the requested relief because, even if Judge Hathaway was biased or improperly relied on Petitioner's prior convictions to convict him, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard*, 421 F.2d at 1386. In other words, federal courts generally may not use their "power to issue mandamus to a state judicial officer to control or interfere with state court litigation," *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001), and they "do not have general power to mandamus state judges to vacate state court judgments," *Atchley v. Greenhill*, 373 F. Supp. 512, 514 (S.D. Tex. 1974), *aff'd*, 517 F.2d 692 (5th Cir. 1975).

Furthermore, Petitioner has failed to persuade the Court that he has no other means to achieve the relief he seeks. He may have a right to appeal his convictions or to pursue post-conviction remedies in state court, or he may be able to file a federal habeas corpus petition after exhausting state remedies. He may not use a mandamus petition as a substitute for an appeal, *Matey v. Underwood*, 276 F.2d 52,

52 (6th Cir. 1960), or a habeas corpus petition, *Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952).

If the Court treated the mandamus petition as a habeas corpus petition, the Court would be "met with the statutory condition that a person in custody pursuant to a judgment of a state court must first exhaust the remedies available to him in the courts of the state before resorting to the federal courts for relief." *Rayborn v. Jones*, 282 F.2d 410, 413 (6th Cir. 1960). Petitioner has not alleged that he pursued any state remedies for his claims, and until he has exhausted state remedies or shown that there is no available or effective remedy to exhaust, the Court lacks the power to grant him relief in a habeas corpus proceeding. 28 U.S.C. 2254(b)(1); *Rayborn*, 282 F.2d at 413.

### III. Conclusion

Petitioner has failed to show that there are no other adequate means to attain the relief he desires. He also has failed to show that his right to the writ of mandamus is clear and indisputable, and no extraordinary circumstances exist that entitle him to the drastic remedy he seeks. Accordingly, the Court denies the Petition for Writ of Mandamus and closes this case. The Court also denies Petitioner permission to

5

appeal this decision *in forma pauperis*, because an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

    IT IS SO ORDERED.

<u>s/Paul D. Borman</u>  
PAUL D. BORMAN  
United States District Judge

Dated:  January 26, 2021